UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :   CRIMINAL NO. |
| v. | :   3-00-cr-263 (JCH) |
| | : |
| DAVID L. BURDEN | :   JANUARY 26, 2006 |
| (a/k/a David "QB" Burden) | |

**RULING RE:  RESENTENCING [Dkt. No. 1734]**

By Order filed April 22, 2005 [Dkt. No. 1728], the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ."  . Id. at 117.  Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on June 21, 2005 [Dkt. No. 1734], that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a).  In response to that Order, the government and the defendant each filed a Memorandum, (see Dkt. Nos. 1755 and 1756).

The court is familiar with the Booker and Crosby decisions.  In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there.  Further, the court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memorandums and material submitted post-remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

David L. Burden was originally sentenced principally to 210 months of imprisonment upon his conviction by a jury of RICO, RICO conspiracy, VCAR conspiracy to murder, VCAR attempted murder (two counts), a conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, and unlawful possession of a firearm by a felon.  The court concludes that a re-sentencing is not called for.  In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Burden to the same sentence it did, principally 210 months of imprisonment.  The court does so for primarily the reasons that were articulated at the original sentencing.  See Transcript of Final Day of Sentencing Proceedings (10/8/03).

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range after a departure for over statement of criminal history, to 210 to 262 months.  While considering all of the

§3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence. David L. Burden was involved in a conspiracy which distributed a large quantity of drugs. While the court determined he was responsible for a much smaller (50-150 grams), he was engaged with his co-conspirators in acts of violence to protect and further drug distribution. He was involved in attempted murder of Fred Hatton, and he was convicted of a conspiracy to murder members of the Hill crew. While he was young at the time, his conduct was extremely serious: it is only fortuitous that he did not kill anyone. Thus, while the court departed to appropriately reflect David L. Burden's criminal history, his offense conduct indicates a need to deter and to protect the public. His conduct, while engaged in at a relatively young age, was not aberrational. He was involved in the Burden drug conspiracy in late 1999, 2000 and 2001. Further, his acts of violence occurred on more than one occasion. He also routinely carried a .38 gun. In one shooting, an uninvolved bystander was shot, and at least one bullet went through the wall of an apartment, fortunately not striking anyone.

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the pre-sentence report and the recently filed Memoranda, it is this court's conclusion that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same of that previously imposed. It is the court's conclusion that the sentence imposed on October 8, 2003 is a fair and just sentence under the law.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of January, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge